## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PHILIP J. MONTOYA as the
CHAPTER SEVEN TRUSTEE
OF THE BANKRUPTCY ESTATE
OF WILLIAM L. DOAK and VICKY
L. DOAK, WILLIAM L. DOAK,
individually, and DOAK
TRANSPORTATION, INC.,

       Plaintiffs,

vs.                                       No. CIV 12-0318 JB/KBM

FINANCIAL FEDERAL CREDIT, INC.,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, In Lieu of Filing an Answer in this Matter for Improper Venue and for Failure to State a Claim or, in the Alternative, to Transfer Venue, filed April 4, 2012 (Doc. 9)("Motion"). The Court held a hearing on May 13, 2012. The primary issues are: (i) whether the forum-selection clauses in the agreements into which Plaintiff William L. Doak entered with Defendant Financial Federal Credit, Inc.[1] are enforceable; (ii) whether the forum-selection clauses are mandatory or permissive; (iii) whether the forum-selection clauses cover the tort and other non-contract causes of action the Plaintiffs have asserted against People's United; and (iv) whether the Court should, if it enforces the forum-selection clauses, transfer the case, dismiss the case, or dismiss a part of the case. The Court will

---

[1]Financial Federal Credit, Inc. asserts that it was formerly known as Financial Federal Credit, Inc. and is now known as People's United Equipment Finance Corp. <u>See</u> Motion at 1. Because both parties refer to Financial Federal as People's United, the Court will also refer to this entity as People's United.

grant the Motion.  The Court concludes that the forum-selection clauses into which W. Doak entered with People's United are enforceable, because there is no alleged fraud or overreaching that occurred with regard to the inclusion of the forum-selection clauses in the agreements.  The Court also concludes that enforcing the clauses would not be so inconvenient to the Plaintiffs as to foreclose their remedies. The Court further concludes that the language of the forum-selection clauses at issue is mandatory.  The Court also determines that the forum-selection clauses cover all the causes of actions the Plaintiffs have asserted against People's United.  Finally, the Court decides that it is more appropriate to transfer the case to Harris County, Texas rather than to dismiss the case.  Thus, the Court will transfer this case to the United States District Court for the Southern District of Texas, specifically the Houston Division -- the division that includes Harris County.

## FACTUAL BACKGROUND

The parties agree on most of the underlying facts.  Since approximately 1988, W. Doak has "owned and operated" Plaintiff Doak Transportation, Inc., "which was in the business of transporting general freight in interstate commerce."  Civil Complaint for Fraud, Breach of the Duty of Good Faith and Fair Dealing, Tortious Interference with Contracts, Prima Facie Tort, Negligent Misrepresentation, and Breach of Fiduciary Duty ¶ 7, at 3 (dated February 21, 2012), filed March 29, 2012 (Doc. 1-2)("Complaint").[2]  In the operation of this business, W. Doak "individually financed a fleet of trucks with various financial institutions."  Complaint ¶ 7, at 3.  "To finance" Doak Transportation's "trucks, [W.] Doak executed promissory notes and security agreements on

---

[2]On March 29, 2012, this case was removed from state court.  See Notice of Removal at 1 (Doc. 1).  The copy of the Plaintiffs' Complaint available to the Court does not have a clerk's stamp indicating the date on which the Plaintiffs filed the pleading in state court.  Consulting the New Mexico state court's docket for the respective state court case, D-202-CV-201201828, indicates that they filed the Complaint on February 21, 2012.  See http://www2.nmcourts.gov/caselookup/app.

a periodic basis with" People's United.  Complaint ¶ 8, at 3.  "Throughout [W.] Doak's business dealings with [People's United], [W.] Doak and [People's United] would enter into extension agreements that would extend the maturity date for each respective promissory note," which W. Doak would do "in exchange for a minimal increase in the interest rate of each promissory note." Complaint ¶ 8, at 3.  "The contracts which establish a course of dealing between [W.] Doak and [People's United] were entered into during the years 2004, 2005, 2006 and 2007, when [W.] Doak executed thirty-five (35) Promissory Notes and Security Agreements . . . ."  Complaint ¶ 9, at 3.

During February, 2008, an individual working for People's United, Richard Wong, negotiated with W. Doak the consolidation of all outstanding promissory notes and security agreements into a set of five promissory notes and security agreements.  See Complaint ¶¶ 11-13, at 4-5.  While W. Doak was recovering from surgery and under the influence of sedatives, Wong visited W. Doak at a hospital; Doak signed the set of five promissory notes and security agreements at the hospital.  See Complaint ¶¶ 14-15, at 5-6.  The Plaintiffs allege that, based on W. Doak's condition while in the hospital, there was a misunderstanding about the terms he believed were in the set of five promissory notes and security agreements.  See Complaint ¶ 18, at 6-7.  "On or about June 4, 2010," W. Doak "filed for bankruptcy.  Complaint ¶ 20, at 7.

The five security agreements at issue in this lawsuit all contain substantially the same forum-selection clause, which provides:

> DEBTOR, AS A MATERIAL INDUCEMENT FOR SECURED PARTY TO MAKE LOANS OR OTHER FINANCIAL ACCOMMODATIONS AVAILABLE TO DEBTOR, HEREBY: IRREVOCABLY DESIGNATES AND APPOINTS THE TEXAS SECRETARY OF STATE AS ATTORNEY-IN-FACT AND AGENT FOR DEBTOR AND IN DEBTOR'S NAME, PLACE AND STEAD TO ACCEPT SERVICE OF ANY PROCESS WITHIN THE STATE OF TEXAS; AGREES TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS REGARDING ANY DISPUTE WITH HOLDER OR ANY OF HOLDER'S OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS,

-3-

> INCLUDING WITHOUT LIMITATION ANY MATTER RELATING TO OR
> ARISING UNDER THIS OR ANY OTHER EXISTING OR FUTURE
> AGREEMENT WITH HOLDER, PROVIDED THAT HOLDER MAY BRING
> SUIT IN ANY OTHER COURT HAVING JURISDICTION; WAIVES ANY
> OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION
> TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT
> TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING; AND
> CONSENTS AND AGREES THAT SERVICE OF PROCESS IN ANY ACTION
> OR PROCEEDING BROUGHT IN ACCORDANCE HEREWITH SHALL BE
> GOOD AND SUFFICIENT IF SENT BY CERTIFIED MAIL . . . .

Security Agreement at 3 (dated February 22, 2008), filed April 4, 2012 (Doc. 9-2).  The security

agreements provide that "the validity and enforceability of this agreement and each of its terms shall

be governed by the laws of the State of Debtor's location as set forth in this agreement."  Security

Agreement at 3.  The Security Agreement lists a New Mexico address as W. Doak's address.  See

Security Agreement at 2.  Vicky Doak, W. Doak's wife, also signed a Guaranty agreeing to

guarantee "any and all existing and future indebtedness and/or obligations" that W. Doak has with

People's United.  Guaranty at 2-3 (dated November 9, 2005), filed April 4, 2012 (Doc. 9-3).  The

Guaranty contains a forum-selection clause similar to those in the agreements that W. Doak signed:

> AS A MATERIAL PART OF THE CONSIDERATION FOR
> BENEFICIARY ENTERING INTO, PURCHASING AND/OR ACCEPTING AN
> ASSIGNMENT OF ONE OR MORE OBLIGATIONS FROM SUBJECT OR
> HAVING SUBJECT AS AN OBLIGOR THEREON, GUARANTOR HEREBY
> IRREVOCABLY DESIGNATES AND APPOINTS THE TEXAS SECRETARY OF
> STATE AS ATTORNEY-IN-FACT AND AGENT FOR GUARANTOR, AND IN
> GUARANTOR'S NAME, PLACE AND STEAD TO ACCEPT SERVICE OF ANY
> PROCESS WITHIN THE STATE OF TEXAS; AND GUARANTOR DOES
> HEREBY AGREE TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY
> COURT LOCATED IN HARRIS COUNTY, TEXAS, REGARDING ANY
> MATTER ARISING HEREUNDER, PROVIDED THAT BENEFICIARY MAY
> BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION.
> GUARANTOR WAIVES ANY OBJECTION BASED ON FORUM NON
> CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION
> OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF
> ANY SUCH ACTION OR PROCEEDING; AND CONSENTS AND AGREES
> THAT SERVICE OF PROCESS IN ANY ACTION OR PROCEEDING BROUGHT
> IN ACCORDANCE HEREWITH SHALL BE GOOD AND SUFFICIENT IF SENT

-4-

BY CERTIFIED MAIL . . . .

Guaranty at 2.  The Guaranty provides that "THIS GUARANTY AND ALL DOCUMENTS EXECUTED IN CONNECTION HEREWITH SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF GUARANTOR'S LOCATION AS SET FORTH IN THIS AGREEMENT."  Guaranty at 2-3.  The Guaranty lists New Mexico in the section listing V. Doak's address.  See Guaranty at 3.

## PROCEDURAL BACKGROUND

On February 21, 2012, the Plaintiffs filed their Complaint in the Second Judicial District, Bernalillo County, State of New Mexico.  See Doc. 1-2.  The Plaintiffs assert several causes of action, including: (i) fraud; (ii) breach of the duty of good faith and fair dealing; (iii) tortious interference with contract; (iv) prima-facie tort; (v) negligent misrepresentation; and (vi) breach of fiduciary duty.  See Complaint at 8-11.  People's United removed the case to federal court on March 29, 2012.  See Notice of Removal at 1 (Doc. 1).

On April 4, 2012, People's United filed its Motion.  See Doc. 9.  It argues that "[e]ach of the Security Agreements and the Guaranty contains a valid forum selection provision that clearly provides" that the exclusive jurisdiction and venue for any disputes relating to the transactions are Harris County.  Motion at 1-2.  People's United asks the "Court to dismiss this case for want of proper venue" or alternatively to transfer the case "to the United States District Court for the Southern District of Texas, the federal court sitting in Harris County, Texas."  Motion at 2.  People's United relates that this dispute arose out of the issuance of several promissory notes under which People's United agreed to loan W. Doak money to purchase "commercial trucks and trailers."  Motion at 2-3, 5.  People's United argues that the Plaintiffs have contractually agreed that Harris County is the correct venue for this dispute.  See Motion at 7-8.  It contends that the forum-selection

clauses that were part of the respective agreements are all enforceable.  See Motion at 7-8.  It asserts

that, "[i]n the Tenth Circuit, forum selection provisions are 'prima facie valid and should be

enforced unless enforcement is shown by the resisting party to be unreasonable under the

circumstances.'" Motion at 8 (quoting Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th

Cir. 1992)).  People's United argues that the forum-selections clauses are mandatory and that the

Plaintiffs have waived their right to any other venue.  See Motion at 8-9.  People's United asserts

that the Plaintiffs' tort claims are also subject to the forum-selections clauses.  See Motion at 9-10.

It also contends that the Plaintiffs cannot avoid the forum-selection clauses by joining as plaintiffs

parties who were not parties to the contracts, particularly because "[t]he Trustee, having stepped into

the shoes of the Doaks with respect to their alleged prepetition claims, is subject to all of the rights

and defenses of [People's United] had the action been brought solely by the Doaks."  See Motion

at 10-11.  Alternatively, People's United argues that Harris County is a more convenient forum

under 28 U.S.C. § 1404(a) in light of the applicable factors.  See Motion at 11-14.

On April 17, 2012, the Plaintiffs filed their Plaintiffs' Response to Defendant's Motion to

Dismiss, in Lieu of Filing an Answer in This Matter, for Improper Venue and for Failure to State

a Claim or , in the Alternative, to Transfer Venue.  See Doc. 12 ("Response").  The Plaintiffs argue

that the contracts at issue as well as the forum-selections clauses are unenforceable, because they

"were fraudulently entered into when" People's United "knowingly and intentionally obtained

Doak's signature while he was under the influence of morphine, pain medications and/or other

sedatives."  Response at 3.  They also contend that New Mexico is a more suitable forum for this

case under 28 U.S.C. § 1404(a).  See Response at 3-4.  The Plaintiffs assert that the forum-selection

clauses are permissive rather than mandatory.  See Response at 4.  They also argue that, should the

Court choose to enforce the forum-selection clauses, transfer of the case is more appropriate than

dismissal.  <u>See</u> Response at 4.  The Plaintiffs contend that the forum-selection clauses are not enforceable, because "[o]n or about February 22, 2008, while Doak was still hospitalized and under the influence of morphine, pain medications and/or other sedative, Defendant visited Doak for the purpose of having him execute the Contracts."  Response at 6 (citing William Doak's Affidavit in Support of Plaintiffs' Response to Defendant's Motion to Dismiss (executed April 17, 2012), filed April 17, 2012 (Doc. 12-2)("W. Doak Aff.")).  They argue that "Defendant represented to and reassured Doak that the execution of the Contracts would not change the terms of their previous agreements."  Response at 6 (citing W. Doak Aff.).  The Plaintiffs contend that "[t]he Contracts included a significantly increased interest rate, a cross-collateralization of Doak's entire fleet of trucks, and a shorter financing period with a maturity date that was sooner than that of the parties [sic] previous agreements."  Response at 6 (citing W. Doak Aff.).  They assert that the forum-selection clauses are not enforceable, because the parties did not negotiate the agreements at arms length and W. Doak was not "a sophisticated business entit[y]."  Response at 7.  They also argue that the forum-selection clauses are ambiguous and thus should be construed against People's United such that they are not mandatory.  <u>See</u> Response at 11-13.

On May 2, 2012, People's United filed its Defendant's Reply in Support of Its Motion to Dismiss, in Lieu of Filing an Answer in This Matter, for Improper Venue and for Failure to State a Claim or, in the Alternative, to Transfer Venue.  <u>See</u> Doc. 15 ("Reply").  It argues that the portions of the forum-selections clauses which the Plaintiffs argue are ambiguous were included so that People's United can bring proceedings in other jurisdictions "for attachment or replevin proceedings to protect collateral in other jurisdiction, over which the Texas courts would not have subject matter jurisdiction."  Reply at 4.  It asserts that the portions of the forum-selection clauses that apply to the Plaintiffs are mandatory.  <u>See</u> Reply at 4-5.  People's United contends that the forum-selection

clauses are enforceable, because the alleged fraudulent conduct "must go to the forum selection clause, not the contract generally." Reply at 5. People's United argues that, although the "Plaintiffs allege the five contracts were fraudulent because Plaintiff William Doak claims he was under the influence of morphine when he signed them," he "signed identical security agreements containing the same or similar forum selection clauses on fifty-three (53) previous occasions." Reply at 5-6. People's United asserts that the Plaintiffs are also improperly asking the Court to consider the arguments regarding the merits of their case rather than focusing their arguments on the forum-selection clauses. See Reply at 6.

At the hearing on May 15, 2012, People's United clarified that W. Doak signed the promissory notes and agreements at issue himself rather than on behalf of his business, Doak Transportation. See Transcript of Hearing at 4:20-24 (taken May 15, 2012)(Court, Schlagel)("Tr.").[3] People's United noted that V. Doak signed a personal guarantee for some of the loans on November 9, 2005. See Tr. at 4:11-19 (Court, Schlagel). People's United asserted that all of the forum-selection clauses are the same other than some minor differences in the use of the word debtor as opposed to guarantor in some of the clauses. See Tr. at 5:7-12 (Court, Schlagel). People's United represented that W. Doak wholly owns Doak Transportation. See Tr. at 7:3-8 (Schlagel). People's United acknowledged that the decision whether to dismiss or to transfer the case is discretionary with the Court. See Tr. at 9:7-10 (Schlagel). The Plaintiffs argued that the previous contracts that W. Doak entered are not relevant, because W. Doak may have not decided to enter into the agreements that are the subject of this lawsuit had he not been under the influence of drugs. See Tr. at 12:11-18 (Stevenson). The Plaintiffs asserted that the witnesses of the alleged fraud would be

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

here in New Mexico and reside in Las Cruces, New Mexico.  See Tr. at 13:16-13:25 (Stevenson, Court).  The Plaintiffs contended that the five series of agreements at issue contain a choice-of-law provision that makes New Mexico law apply to this dispute.  See Tr. at 14:13-22 (Stevenson).

The Court inquired whether the Plaintiffs were arguing that there was specific fraud in which People's United engaged by including the forum-selection clauses in the five series of agreements at issue as opposed to engaging in more general fraud regarding the execution of the contract.  See Tr. at 15:11-17 (Court).  The Plaintiffs conceded that they do not think that they can prove that there was specific fraud that occurred regarding the inclusion of the forum-selection clauses.  See Tr. at 15:18-16:13 (Stevenson).  The Plaintiffs asserted that, while the signatures on the five series of agreements in comparison to the signature on W. Doak's affidavit are somewhat different, they acknowledge that the differences are not sufficient to support an argument that the signatures are not W. Doak's.  See Tr. at 15:18-16:13 (Stevenson).  They contended that W. Doak does not remember signing the agreements.  See Tr. at 15:18-16:13 (Stevenson).  The Plaintiffs acknowledged that there are no material differences between the forum-selection clauses at issue. See Tr. at 17:7-11 (Court, Stevenson).  The Plaintiffs conceded that, if the forum-selection clauses are mandatory, they would bind Plaintiff Phillip Montoya, the trustee of the bankruptcy estate, in the same manner that they would bind W. Doak and V. Doak.  See Tr. at 18:7-21 (Court, Stevenson).  The Plaintiffs stated that, while they prefer to be in New Mexico, if the Court decides to enforce the forum-selection clauses, they want, from the standpoint of convenience to the parties and judicial economy, the Court also to transfer the claims Doak Transportation has brought against People's United.  See Tr. at 19:3-8 (Stevenson).

## LAW REGARDING TRANSFER OF VENUE

"In 1948, Congress enacted the federal change-of-venue statute, codified at 28 U.S.C.

-9-

§ 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." Whiting v. Hogan, No. 11-0671, 2012 WL 664805, at *14 (D.N.M. Feb. 28, 2012)(Browning, J.). That statute provides, in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) affords a district court broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). "Recognizing that what is convenient for one litigant may not be convenient for the other, the Supreme Court has taught that section 1404(a) 'is intended to place discretion in the district court to adjudicate motions for transfer according to [a] . . . case-by-case consideration of convenience and fairness.'" Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 977 (7th Cir. 2010)(quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977. The statute permits a "flexible and individualized analysis," and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. at 29.

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local

law; and, all other considerations of a practical nature that make a trial easy,
expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d at 1516 (internal quotation marks
omitted).  See Tex. Gulf Sulfur v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)(stating the factors that
courts consider in making a venue determination under § 1404(a)).

"28 U.S.C. § 1406 permits transfer to cure a venue defect."  Whiting v. Hogan, 2012 WL
664805, at *14.  It provides: "The district court of a district in which is filed a case laying venue in
the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to
any district or division in which it could have been brought."  28 U.S.C. § 1406.  Although both
§ 1404(a) and § 1406(a) "were broadly designed to allow transfer instead of dismissal, § 1406(a)
provides for transfer from forums in which venue is wrongly or improperly laid."  Van Dusen v.
Barrack, 376 U.S. 612, 634 (1964).

The "interest of justice" is a separate element of the transfer analysis that relates to the court
system's efficient administration.  Van Dusen v. Barrack, 376 U.S. at 626-27.  "For this element,
courts look to factors including docket congestion and likely speed to trial in the transferor and
potential transferee forums; each court's relative familiarity with the relevant law; the respective
desirability of resolving controversies in each locale; and the relationship of each community to the
controversy."  Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977
(citations omitted).  In some circumstances, "[t]he interest of justice may be determinative,
warranting transfer or its denial even where the convenience of the parties and witnesses points
toward the opposite result."  Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d
at 977 (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)).  The United
States Court of Appeals for the Tenth Circuit has interpreted the phrase -- "if it is in the interest of

-11-

justice" -- to grant a district court discretion in making the decision to transfer the action.  <u>Driggers</u> <u>v. Clark</u>, 422 F.App'x 747, 749-50 (10th Cir. 2011)(unpublished)(citing <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1222 (10th Cir. 2006)).

### RELEVANT NEW MEXICO LAW REGARDING CONTRACT INTERPRETATION

In contract cases, "the role of the court is to give effect to the intention of the contracting parties." <u>Bogle Farms, Inc. v. Baca</u>, 122 N.M. 422, 428, 925 P.2d 1184, 1190 (1996).  "The primary objective in construing a contract is not to label it with specific definitions or to look at form above substance, but to ascertain and enforce the intent of the parties as shown by the contents of the instrument."  <u>Bogle Farms, Inc. v. Baca</u>, 122 N.M. at 428, 925 P.2d at 1190 (citing <u>Shaeffer v.</u> <u>Kelton</u>, 95 N.M. 182, 185, 619 P.2d 1226, 1229 (1980)).  "The parol evidence rule 'bars admission of evidence extrinsic to the contract to contradict and perhaps even supplement the writing.'" <u>Memorial Med. Ctr., Inc. v. Tatsch Const., Inc.</u>, 129 N.M. 677, 683, 12 P.3d 431, 437 (2000)(citation omitted).  If a contract is ambiguous, however, "evidence will be admitted to aid in interpreting the parties' expressions." <u>C.R. Anthony Co. v. Loretto Mall Partners</u>, 112 N.M. 504, 508, 817 P.2d 238, 242 (1991)(citation omitted).  "On the other hand, if the court determines that the contract is clear and unambiguous on its face, evidence of the circumstances surrounding the transaction is inadmissible <u>to vary or modify its terms</u>." <u>C.R. Anthony Co. v. Loretto Mall Partners</u>, 112 N.M. at 508, 817 P.2d at 242 (emphasis in original)(citation omitted).

### LAW REGARDING FORUM-SELECTION CLAUSES

The Court has previously stated:

Contrary to the general rule that a defendant's removal of the action from state court waives or cures any objection to improper venue in the federal court, an objection to the lack of proper venue based on a clause designating a court of another state or a foreign court as the exclusive forum is not waived or cured if the defendant removes the action from state court.

Knight Oil Tools, Inc. v. Unit Petroleum Co., No. 05-0669, 2005 WL 2313715, at *2 (D.N.M. Aug. 31, 2005)(Browning, J.)(citations omitted)(citing 17 J. Moore, Moore's Federal Practice §§ 111.04[3][d], 111.36[5][a], at 111-42 to 111-43, 111-179 (3d ed. 2004)). Accord Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993)("[A] valid forum selection clause operates to render venue improper, not only under 28 U.S.C. § 1391 [the general venue statute] but also under 28 U.S.C. § 1441(a) [the removal statute]."). See also Int'l Software Sys., Inc. v. Amplicon, Inc., 77 F.3d 112, 113-15 (5th Cir. 1996)(without discussing removal issue, affirming dismissal on improper venue grounds of action removed from state court when forum-selection clause specified state courts of another state as exclusive forum); Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 866 (9th Cir. 1991)(without discussing removal issue, affirming dismissal of removed action on improper venue grounds based on clause making Saudi Arabia exclusive forum).

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3)." K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW"), 314 F.3d 494 (10th Cir. 2002)("K & V Scientific Co., Inc. v. BMW"). The Tenth Circuit has observed that "[f]orum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 957 (10th Cir. 1992)(quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15 (1972)). Only a showing of inconvenience "so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice would be sufficient to defeat a contractual forum selection clause." Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 958. Even if minor inconvenience would result, that would not justify non-enforcement of the forum-selection

clause.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 596-97 (1991).

      **1.**      **Choice-of-Law Issues and New Mexico Law Regarding Forum-Selection Clauses.**

In Stewart Organization v. Ricoh Corp., the Supreme Court of the United States held: "Federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum selection clause . . . ." 487 U.S. at 32.  "The Tenth Circuit, however, has never addressed which law applies to diversity cases when interpreting forum-selection clauses in general and when addressing transfer to a federal forum in particular." Knight Oil Tools, Inc. v. Unit Petroleum Co., 2005 WL 2313715, at *9.  Notably, the Tenth Circuit has not drawn rigid distinctions between state and federal law when interpreting forum-selection clauses, and has applied federal law when interpreting these clauses when "there are no material discrepancies between [state] law and federal common law on these matters." Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 320-21 (10th Cir. 1997)(not deciding the choice-of-law issue between Colorado law and federal law).  The Court has recognized in the past that "New Mexico state courts have not had much opportunity to address forum selection clauses." Gen. Protecht Grp., Inc. v. Leviton Mfg. Co., No. 10-1020, 2010 WL 5559750, at *12 (D.N.M. Nov. 30, 2010)(Browning, J.). The Court of Appeals of New Mexico has recognized that, relying on a case from the Tenth Circuit, the general rule on enforcement of forum-selection clauses is that, "when venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced." Mueller v. Sample, 135 N.M. 748, 752, 93 P.3d 769, 773 (Ct. App. 2004)(citing K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499).  The Court has previously found that, "although New Mexico has not addressed forum-selection clauses in particular, its decisions relating to choice-of-law provisions indicate that New Mexico would apply the same rule as the Tenth Circuit as well." Knight Oil

Tools, Inc. v. Unit Petroleum Co., 2005 WL 2313715, at *9.[4]

**2.      Enforceability of Forum-Selection Clauses.**

The Supreme Court has noted that there is substantial overlap between precedent interpreting the enforceability of arbitration agreements and forum-selection clauses.  See Scherk v. Alberto-Culver Co., 417 U.S. 506, 518-19 (1974)("An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.").  The Supreme Court has stated that "an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."  Scherk v. Alberto-Culver Co., 417 U.S. at 518-19 (emphasis added).  Reiterating this rule, the Tenth Circuit has stated: "A plaintiff seeking to avoid a choice provision on a fraud theory must, within the confines of Fed.R.Civ.P. 9(b) and 11, plead fraud going to the specific provision; the teachings of Scherk, interpreting M/S Bremen, require no less."  Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 960.  Thus, the Tenth Circuit requires that a party seeking to avoid a forum-selection clause produce evidence showing that the arbitration provision was a product of fraud or coercion.  See Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 960 ("Third, at no time did Riley offer any evidence on the stipulated issues tending to show that the arbitration provision (or any other choice provision, for that matter) was a product of fraud or coercion." (emphasis in original)).  The Honorable Lourdes A. Martinez, United States Magistrate Judge for the District of New Mexico, has similarly stated "[a] general claim of fraud or misrepresentation concerning an entire contract does not affect the

---

[4]The Supreme Court of Texas has also relied on federal precedent to determine whether forum-selection clauses are enforceable.  See In re AIU Ins. Co., 148 S.W.3d 109, 118-19 (Tex. 2004)(relying on federal precedent in a discussion on the enforceability of forum-selection clauses).

validity of a forum selection clause."  Mann v. Auto. Protection Corp., 777 F.Supp.2d 1234, 1240

(D.N.M. 2011)(Martinez, M.J.).

The Supreme Court has rejected the notion that the parties must specifically negotiate a

forum-selection clause for it to be enforceable.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S.

at 593 ("[W]e do not adopt the Court of Appeals' determination that a nonnegotiated

forum-selection clause in a form ticket contract is never enforceable simply because it is not the

subject of bargaining.").  Accord Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 221 (5th

Cir. 1998)(holding that a forum-selection clause in an employment contract for a seaman was

enforceable even when the parties did not negotiate for the provision).  Magistrate Judge Martinez

has similarly held:

> This argument also fails because unequal bargaining position and form contracts do
> not invalidate forum selection provisions.  The fact that Plaintiff is an individual and
> the contract was presented to him as a form contract does not invalidate the forum
> selection provision, and Plaintiff's belief that he could not negotiate or change the
> terms of the Agreement does not rise to the level of overreaching that would make
> it unreasonable or unfair to enforce the forum selection provision.

Mann v. Auto. Protection Corp., 777 F.Supp.2d at 1240 (citations omitted)(citing Carnival Cruise

Lines, Inc. v. Shute, 499 U.S. at 593-94).

Courts have similarly imposed a high standard for negating a forum-selection clause on the

basis that it is inconvenient.  The Tenth Circuit has, for instance, stated:

> Finally, in Carnival Cruise Lines, the Court relied on M/S Bremen in
> enforcing a domestic forum selection clause, despite inconvenience to the plaintiffs.
> Only a showing of inconvenience so serious as to foreclose a remedy, perhaps
> coupled with a showing of bad faith, overreaching or lack of notice, would be
> sufficient to defeat a contractual forum selection clause.
>
> Riley suggests that enforcement of the choice of forum and law provisions
> is unreasonable because he effectively will be deprived of his day in court.  The basis
> underlying this contention is his perception that recovery will be more difficult under
> English law than under American law.  Riley will not be deprived of his day in court.

He may, though, have to structure his case differently than if proceeding in federal district court.  The fact that an international transaction may be subject to laws and remedies different or less favorable than those of the United States is not a valid basis to deny enforcement, provided that the law of the chosen forum is not inherently unfair.  English law does not preclude Riley from pursuing an action for fraud and we agree with the Defendants that the Lloyd's Act does not grant statutory immunity for such claims.  We have been shown nothing to suggest than an English court would not be fair, and in fact, our courts have long recognized that the courts of England are fair and neutral forums.  Given the international nature of the insurance underwriting transaction, the parties' forum selection and choice of law provisions contained in the agreements should be given effect.

Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 958 (citations omitted).  Magistrate

Judge Martinez has similarly held that, "[t]o invalidate a forum selection provision for reasons of

inconvenience, however, a party must show that enforcement of the provision would cause an

inconvenience 'so serious as to foreclose a remedy.'"  Mann v. Auto. Protection Corp., 777

F.Supp.2d at 1240 (quoting Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 958).

**3.     Permissive and Mandatory Forum-Selection Clauses.**

"The difference between a mandatory and permissive forum selection clause is that

'[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate

only in the designated forum.'"  Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921,

926 (10th Cir. 2005).  "In contrast, permissive forum selection clauses authorize jurisdiction in a

designated forum, but do not prohibit litigation elsewhere."  Am. Soda, LLP v. U.S. Filter

Wastewater Grp., Inc., 428 F.3d at 926-27 (citation omitted).  In K & V Scientific Co. v. BMW, the

Tenth Circuit adopted the majority rule for enforcing forum-selection clauses.  See 314 F.3d at 500.

Specifically, it concluded that, when venue is specified, such as when the parties designate a

particular county or tribunal, and the designation is accompanied by mandatory or obligatory

language, a forum-selection clause will be enforced as mandatory.  See K & V Scientific Co. v.

BMW, 314 F.3d at 499.

In Milk 'N' More, Inc. v. Beavert, the Tenth Circuit held that the forum-selection clause was mandatory and precluded removal of the case to federal court.  See 963 F.2d at 1343.  In that case, the defendant appealed an order remanding the breach-of-contract action to a Kansas state court.  See id.  The district court concluded that an enforceable forum-selection clause in the agreement required the remand.  The Tenth Circuit agreed and affirmed.  See id.  The clause in the Milk 'N' More, Inc. v. Beavert agreement provided:  "The parties herein have mutually agreed that said lease and the purchase option agreement contained herein, where applicable, shall be governed by the laws of the State of Kansas and the parties further agree that venue shall be proper under this agreement in Johnson County, Kansas."  Id.  The district court granted the motion to remand on the ground that the contractual agreement contained an enforceable forum-selection clause, relying on the principle that forum-selection clauses are "prima facie valid and should be enforced" unless shown to be unreasonable.  Id. at 1344 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. at 10).  On appeal, the defendant contended that the district judge erred in construing the clause as a mandatory agreement between the parties to resolve any dispute under the contract exclusively in the state court in Johnson County, Kansas; he said instead that the court should have construed the clause as merely a permissive designation on venue.  See 963 F.2d at 1344.  The defendant contended that the district court erroneously construed the contract language as an agreement making Johnson County, Kansas, the exclusive forum in which the parties could resolve disputes that arose under the agreement.  See id. at 1345.  The Tenth Circuit stated that the dispositive portion of the clause provided that "venue shall be proper under this agreement in Johnson County, Kansas." Id. at 1345-46.  The Tenth Circuit held: "We are persuaded that the district judge made the proper interpretation and correctly enforced the clause."  Id. at 1346.

In Milk 'N' More, Inc. v. Beavert, the Tenth Circuit stated that it was mindful that a waiver

-18-

of one's statutory right to be in federal court must be "clear and unequivocal." Id. (quoting Regis Assocs. v. Rank Hotels (Mgmt.) Ltd., 894 F.2d 193, 195 (6th Cir. 1990)).  The Tenth Circuit acknowledged that, if there is ambiguity in the clause, the court should construe it against the drafter. See id. Nevertheless, the Tenth Circuit said "[s]uch clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Id.  The Tenth Circuit stated that the provision that "venue shall be proper under this agreement in Johnson County, Kansas" was "reasonably clear and the wording strongly points to the state court of that county." Id.  The Tenth Circuit said the use of the word "shall" generally indicates a mandatory intent unless a convincing argument to the contrary is made. Id.  In Milk 'N' More, Inc. v. Beavert, the Tenth Circuit cited with approval Intermountain Systems, Inc. v. Edsall Construction Co., 575 F.Supp. 1195, 1198 (D. Colo. 1983), stating that the case was particularly persuasive because it involved a similar clause: "It is agreed for purposes of this agreement, venue shall be in Adams County, Colorado." 963 F.2d at 1346.  The district court in Intermountain Systems, Inc. v. Edsall Constr. Co., held the language of the venue clause was precise and mandatory. See 575 F.Supp. at 1198.  The Tenth Circuit held that the district judge in Milk 'N' More, Inc. v. Beavert had not committed any error in his interpretation of the agreement and the entry of his order of remand. See 963 F.2d at 1346.

In K & V Scientific Co., Inc. v. BMW, the parties entered into a new agreement which, unlike their earlier agreement, contained a jurisdictional and choice-of-law provision, which stated: "Jurisdiction for all and any disputes arising out of or in connection with this agreement is Munich. All and any disputes arising out of or in connection with this agreement are subject to the laws of the Federal Republic of Germany." 314 F.3d at 496.  The plaintiff filed suit, asserting various contract, tort, and statutory causes of action. See id. at 497.  The defendant removed the case to

federal court, and moved to dismiss pursuant to rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue.  The district court granted the defendant's motion to dismiss for improper venue.  The district judge concluded that the forum-selection clause contained in the second confidentiality agreement was "unambiguous and enforceable," and demonstrated "[t]he parties' intent to locate jurisdiction for this action solely in the courts of Munich."  Id.  On appeal, the plaintiff argued that the clause's language contained no reference to venue, contained no language designating the courts in Munich as exclusive, and contained no language indicating that suit elsewhere is impermissible.  See id.  The Tenth Circuit made the distinction between a venue provision which fixed venue in a certain location -- a mandatory clause -- versus one which merely granted jurisdiction to a certain place -- a permissive clause.  The Tenth Circuit set forth an analysis for determining whether forum-selection clauses within a contract are mandatory or permissive:

> This court and others have "frequently classified" forum selection clauses "as either mandatory or permissive."  Excell[, Inc. v. Sterling Boiler & Mech., Inc.], 106 F.3d [318,] 321 [(10th Cir.1997)].  "Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."  Id. (internal quotations omitted).  "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."  Id. (internal quotations omitted).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 498.  The Tenth Circuit cited Milk 'N' More, Inc. v. Beavert, stating that the Tenth Circuit there had concluded that a forum-selection clause stating "venue shall be proper under this agreement in Johnson County, Kansas" was mandatory.  See id. at 498.  The Tenth Circuit found, however, that no Tenth Circuit case had yet dealt with a forum-selection clause similar to the one at issue.

The Tenth Circuit stated that, "generally speaking," the Courts of Appeals are in "agreement" that the following formula is to be used in determining whether the selection clause is

mandatory or permissive:

> [W]here venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499 (alterations in original)(quoting Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992)).  The Tenth Circuit analyzed language from six forum-selection clauses considered permissive, including four different forum-selection clauses wherein the provision used the word "shall" together with the name of a court.  K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499.  The K & V Scientific Co., Inc. v. BMW formula for the four clauses using the word "shall" and considered permissive were:

> * "Any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts." John Boutari [& Son, Wines & Spirits, S.A. v. Attiki Imp. & Distribs. Inc.], 22 F.3d [51,] 52 [(2d Cir. 1994)].
>
> . . . .
>
> * "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."  Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76 (9th Cir. 1987).
>
> . . . .
>
> * "This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York."  Keaty [v. Freeport Indon., Inc.], 503 F.2d [955,] 956 [(5th Cir. 1974)] (concluding phrase was ambiguous and, when construed against drafter, was permissive).
>
> * "This agreement shall be governed by and construed in accordance with the laws of the Federal Republic of Germany. * * * Place of jurisdiction shall be Dresden." Hull 753 Corp. v. Elbe Flugzeugwerke GmbH, 58 F. Supp. 2d 925, 926 (N.D. Ill. 1999).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499.  The other two examples of permissive clauses

were:

> * "The laws and courts of Zurich are applicable."  Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127 (5th Cir. 1994).
>
> . . . .
>
> * "Place of jurisdiction is Sao Paulo/Brazil."  Citro Florida[, Inc. v. Citrovale, S.A.], 760 F.2d 1231, 1231 (11th Cir. 1985)(concluding phrase was ambiguous and, when construed against drafter, was permissive).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499.  The Tenth Circuit in K & V Scientific Co., Inc. v. BMW also noted that the courts had held the following clauses to be mandatory:

> * "[P]lace of jurisdiction . . . is the registered office of the trustee [in Germany], to the extent permissible under the law."  Frietsch v. Refco, Inc., 56 F.3d 825, 827 (7th Cir.1995); see id. at 829 (concluding that the phrase "to the extent permissible under the law" "would have no function if the [forum selection] clause were not mandatory -- if, in other words, a party could sue anywhere he wanted").
>
> * "In all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier . . . .  The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business."  Paper Express[, Ltd. v. Pfankuch Maschinen GmbH], 972 F.2d at 755; id. at 756 (concluding the last sentence "would be appropriate and meaningful only if the clause were in fact mandatory").
>
> * "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia.  Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."  Docksider[, Ltd. v. Sea Tech., Ltd.,] 875 F.2d [762,] 763 (9th Cir.1989).

K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499-500 (footnote omitted).

Using the majority rule, the Tenth Circuit had little trouble concluding that the forum-selection clause at issue in K & V Scientific Co., Inc. v. BMW was permissive.  See 314 F.3d at 500. The clause referred only to jurisdiction and did so in non-exclusive terms.  See id.  A clause is mandatory, in accordance with K & V Scientific Co., Inc. v. BMW, only when the venue is specific with mandatory language.  See id.  Mandatory language is venue coupled with such terms as

"exclusive," "sole," or "only." Id. at 500. If the paragraph is ambiguous -- capable of being

construed as either permissive or mandatory, the paragraph is deemed to be permissive. The Tenth

Circuit in K & V Scientific Co., Inc. v. BMW stated:

> Even if the clause were deemed to be ambiguous (i.e., capable of being construed as
> either permissive or mandatory), the rule in this circuit and others is that the clause
> must be construed against the drafter, in this case defendant. See Milk 'N' More[,
> Inc. v. Beavert], 963 F.2d at 1346 (holding "if there is any ambiguity in the clause
> [the court] should construe it against the drafter"). Accordingly, the clause would
> be deemed permissive.

344 F.3d at 500-01 (citations omitted).

In an unpublished decision that followed K & V Scientific Co., Inc. v. BMW, the Tenth

Circuit clarified that K & V Scientific Co., Inc. v. BMW decision addresses the issue

> whether a recognition-of-jurisdiction provision implies an exclusive selection of
> venue. Use of mandatory language like "shall" in a clause dealing directly with
> venue carries stronger implications regarding the intent to designate an exclusive
> forum. See Milk 'N' More[, Inc. v. Beavert], 963 F.2d at 1346 (holding clause
> stating that "venue shall be proper . . . in" effected an exclusive designation of
> forum). When, as here, the relation of such language to the question of venue is at
> most derivative, through a jurisdictional provision, decisions such as "Milk 'N' More
> . . . are of little assistance in resolving the . . . dispute." K & V Scientific [Co., Inc.
> v. BMW], 314 F.3d at 498-99.

King v. PA Consulting Group, Inc., 78 F.App'x 645, 648 n.2 (10th Cir.

2003)(unpublished)(emphasis in original). The Tenth Circuit, in American Soda, LLP v. U.S. Filter

Wastewater Group, Inc., has also recognized that a party to a contract can waive venue in federal

court, thus requiring remand to state court of the dispute:

> The parties not only consented to the jurisdiction of the Colorado state courts, they
> went a step further by designating the state courts or arbitration as "the exclusive
> forum for the resolution of any disputes related to or arising out of [the contract]."
> We conclude that by consenting to state court jurisdiction and selecting the state
> courts as the "exclusive forum," the parties indicated their intent to make venue
> exclusive in state court with respect to any disputes not resolved in arbitration.
> Because the forum selection clause at issue is mandatory, U.S. Filter unequivocally
> waived its right to remove this lawsuit to federal court.

428 F.3d at 927.

### 4.      Coverage of Tort Claims Under a Forum-Selection Clause.

Magistrate Judge Martinez has stated: "Even though the Tenth Circuit has not addressed this issue, the United States Supreme Court has applied a forum selection provision in a case involving tort claims."  Mann v. Auto Protection Grp., 777 F.Supp.2d at 1243 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 588).  The Court has followed the same approach in Knight Oil Tools, Inc. v. Unit Petroleum Co., looking also at whether "the forum-choice provision involved . . . is broad enough to include tort actions."  2005 WL 2313715, at *13 ("That the tort and breach of contract claim involve the same operative facts also counsels that the forum-selection clause apply to the tort claim.").  In a case where there was a contract between a passenger and a cruise line where the passenger asserted tort causes of action against the cruise line, the Supreme Court enforced a forum-selection clause against the passenger.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 588-90 ("We granted certiorari to address the question whether the Court of Appeals was correct in holding that the District Court should hear respondents' tort claim . . . .  Because we find the forum-selection clause to be dispositive of this question, we need not consider petitioner's constitutional argument as to personal jurisdiction.").  "In addition, other Courts of Appeal have held that where tort claims 'ultimately depend on the existence of a contractual relationship' between the parties, such claims are covered by a contractually-based forum selection clause, despite the 'pleading of alternative non-contractual theories of liability.'"    Mann v. Auto Protection Grp., 777 F.Supp.2d at 1243 (quoting Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983), overruled on other grounds by, Lauro Lines, s.r.l. v. Chasser, 490 U.S. 495 (1989))(citing Lambert v. Kysar, 983 F.2d at 1121-22).

-24-

## ANALYSIS

The Court will grant the Motion.[5]  The Court concludes that the forum-selection clauses W.

Doak entered into with People's United are enforceable, because there is no alleged fraud or

overreaching that occurred with regard to the inclusion of the forum-selection clauses in the

agreements at issue.  The Court concludes that enforcing the clauses would not be so inconvenient

to the Plaintiffs as to foreclose their remedies.  The Court concludes that the language of the forum-

selection clauses at issue is mandatory.  The Court concludes that the forum-selection clauses cover

all the causes of actions which the Plaintiffs have asserted against People's United.  The Court

_____

[5]The parties largely do not address whether federal, New Mexico, or Texas law applies to
the issues that the Motion raises.  The security agreements into which W. Doak entered with
People's United provide that "the validity and enforceability of this agreement and each of its terms
shall be governed by the laws of the State of Debtor's location as set forth in this agreement."
Security Agreement at 3.  The Security Agreement lists a New Mexico address as W. Doak's
address.  See Security Agreement at 2.  The Guaranty into which V. Doak entered with People's
United provides that "[t]his Guaranty and all documents executed in connection herewith shall be
construed in accordance with and governed by the laws of the State of Guarantor's location as set
forth in this agreement."  Guaranty at 2-3 (emphasis omitted).  The Guaranty lists New Mexico in
the section listing V. Doak's address.  See Guaranty at 3.  The Tenth Circuit has recognized that
choice-of-law agreements apply to the interpretation of a forum-selection clause.  See Yavuz v. 61
MM, Ltd., 465 F.3d 418, 427-28 (10th Cir. 2006)("We see no particular reason, at least in the
international context, why a forum-selection clause, among the multitude of provisions in a contract,
should be singled out as a provision not to be interpreted in accordance with the law chosen by the
contracting parties.").  Choice-of-law agreements are generally enforceable under New Mexico law.
See Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. 08-1101, 2009 WL 3672452, at *5
(D.N.M. Oct. 2, 2009)(Browning, J.)("Like most states, however, 'New Mexico respects party
autonomy; [therefore] the law to be applied to a particular dispute may be chosen by the parties
through a contractual choice-of-law provision.'" (alteration in original)(quoting Fiser v. Dell
Computer Corp., 144 N.M. 464, 467, 188 P.3d 1215, 1218 (2008)).  None of the parties argue that
this choice-of-law provision is not enforceable, and the Plaintiffs have relied on New Mexico law
in their Motion as a basis for asserting that the forum-selection clauses are unenforceable.  Thus, the
Court will apply New Mexico law, which follows the Tenth Circuit's precedent regarding whether
forum-selection clauses are enforceable.  The Court has previously found that, "although New
Mexico has not addressed forum-selection clauses in particular, its decisions relating to
choice-of-law provisions indicate that New Mexico would apply the same rule as the Tenth Circuit
as well."  Knight Oil Tools, Inc. v. Unit Petroleum Co., 2005 WL 2313715, at *9.

-25-

determines that it is more appropriate to transfer the case to Harris County rather than to dismiss the case.  Thus, the Court will transfer this case to the Southern District of Texas, specifically the Houston Division -- the division that includes Harris County.

**I.    THE FORUM-SELECTION CLAUSES IN THE AGREEMENTS INTO WHICH W. DOAK ENTERED WITH PEOPLE'S UNITED ARE ENFORCEABLE.**

W. Doak asserts that, because People's United made him sign the set of five promissory notes and security agreements while he was recovering in the hospital and under the influence of medication, the forum-selection clauses are unenforceable.  He contends that the clauses are not enforceable, because the parties did not specifically negotiate them.  Alternatively, he argues that it would be inconvenient to enforce the forum-selection clauses.  The Tenth Circuit has observed that "[f]orum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."  Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 957.  The Supreme Court has stated that "an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."  Scherk v. Alberto-Culver Co., 417 U.S. at 518-19 (emphasis added).  Reiterating this rule, the Tenth Circuit has stated: "A plaintiff seeking to avoid a choice provision on a fraud theory must, within the confines of Fed.R.Civ.P. 9(b) and 11, plead fraud going to the specific provision; the teachings of Scherk, interpreting M/S Bremen, require no less."  Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 960.

**A.    THE FORUM-SELECTION CLAUSES ARE NOT INVALID AS A RESULT OF FRAUD OR OVERREACHING.**

The Plaintiffs have argued in their Response that "the Contracts, including the Forum Selection Clauses, are unenforceable because they were the result of fraud, overreaching and other

unconscionable means."  Response at 6.  The Plaintiffs have presented some evidence that, given the circumstances at the hospital where W. Doak asserts he was under the influence of medication when he signed the set of five promissory notes and security agreements, could lead to the conclusion that People's United fraudulently induced him to sign the set of five promissory notes and security agreements.  See W. Doak Aff. at 3 ("While under the influence of morphine, pain medications, and/or other sedatives, I was asked to sign the documents . . . .  The representative knew or should have known I was under the influence of morphine, pain medications, and/or other sedatives. . . .  Nonetheless, [People's United] fraudulently obtained my signature.").

The Plaintiffs conceded at the May 15, 2012, hearing, however, that they do not have any evidence that the inclusion of the forum-selection clause in the security agreements was the result of fraudulent or overreaching conduct.  See Tr. at 15:11-16:13 (Court, Stevenson).  Consistent with their concession at the May 15, 2012 hearing, they argue in their Response that fraudulent and overreaching conduct occurred with respect to the negotiation of the five sets of agreements as a whole rather than just the forum-selection clauses.  See Motion at 6 ("[T]he Contracts, including the Forum Selection Clauses, are unenforceable because they were the result of fraud, overreaching and other unconscionable means.").   The Supreme Court has stated that "an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."  Scherk v. Alberto-Culver Co., 417 U.S. at 518-19 (emphasis added).  The Plaintiffs have not, "within the confines of Fed.R.Civ.P. 9(b) and 11, plead fraud going to the specific [forum-selection] provision."  Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d at 960.  Because the Plaintiffs have not directed their arguments at any fraudulent or overreaching conduct regarding the inclusion of the forum-selection clauses, the Plaintiffs have not met the "heavy burden of showing that the provision itself is invalid due to fraud or overreaching."

-27-

<u>Riley v. Kingsley Underwriting Agencies, Ltd.</u>, 969 F.2d at 957.

> **B.      THE FORUM-SELECTION CLAUSES ARE NOT INVALID BECAUSE THE PARTIES TO THE AGREEMENTS DID NOT SPECIFICALLY NEGOTIATE <u>THEM.</u>**

The Plaintiffs' argument that the forum-selection clause is not enforceable based on the lack of negotiation between the parties is also unpersuasive. The Supreme Court has rejected the notion that parties must specifically negotiate a forum-selection clause for it to be enforceable. <u>See</u> <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 593 ("[W]e do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining."). <u>Accord</u> <u>Marinechance Shipping, Ltd. v. Sebastian</u>, 143 F.3d at 221 (holding that a forum-selection clause in an employment contract for a seaman was enforceable even when the parties did not negotiate for the provision). Magistrate Judge Martinez has similarly held:

> This argument also fails because unequal bargaining position and form contracts do not invalidate forum selection provisions. The fact that Plaintiff is an individual and the contract was presented to him as a form contract does not invalidate the forum selection provision, and Plaintiff's belief that he could not negotiate or change the terms of the Agreement does not rise to the level of overreaching that would make it unreasonable or unfair to enforce the forum selection provision.

<u>Mann v. Auto. Protection Corp.</u>, 777 F.Supp.2d at 1240 (citations omitted)(citing <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 593-94). The parties do not dispute that W. Doak and People's United had a history spanning several years of negotiating loan agreements. People's United has also put forward evidence that, and the Plaintiffs have not disputed that, all of the security agreements the parties executed -- the most recent five sets of agreements and the agreements that preceded those -- contain the same forum-selection clauses. <u>See</u> Affidavit of David J. Flint ¶ 7, at 6 (dated April 3, 2012 ), filed April 4, 2012 (Doc. 10)("The Security Agreements contain the

-28-

following forum selection provision . . . .").  When W. Doak was familiar with negotiating with People's United, and when the same forum-selection clause appeared in all the security agreements into which he entered, it is difficult to say that the inclusion of a forum-selection provision was fraudulent or overreaching in these five sets of agreements.

Courts have rejected the notion that parties must individually negotiate each aspect of a contract for those portions of the contract to be enforceable.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 593; Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d at 221; Mann v. Auto. Protection Corp., 777 F.Supp.2d at 1240.  Given that Carnival Cruise Lines, Inc. v. Shute involved passengers on a cruise line receiving a form contract from the cruise line, see 499 U.S. at 587 ("The Shutes, through an Arlington, Wash., travel agent, purchased passage for a 7-day cruise on petitioner's ship, the Tropicale."), the Court cannot reasonably conclude, as the Plaintiffs argue, that there must be "an arms-length transaction between sophisticated business entities" for a forum-selection clause to be enforceable, see Response at 7.  Furthermore, the Supreme Court has rejected such arguments by acknowledging that certain forms of business transactions will, by their character, not include negotiation and that such transactions may also counsel in favor of limiting the potential fora of lawsuits to promote predictability in resolving the disputes:

> In contrast, respondents' passage contract was purely routine and doubtless nearly identical to every commercial passage contract issued by petitioner and most other cruise lines.  In this context, it would be entirely unreasonable for us to assume that respondents -- or any other cruise passenger -- would negotiate with petitioner the terms of a forum-selection clause in an ordinary commercial cruise ticket.  Common sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have bargaining parity with the cruise line.  But by ignoring the crucial differences in the business contexts in which the respective contracts were executed, the Court of Appeals' analysis seems to us to have distorted somewhat this Court's holding in The Bremen.

In evaluating the reasonableness of the forum clause at issue in this case, we must

refine the analysis of <u>The Bremen</u> to account for the realities of form passage contracts. As an initial matter, we do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining.  Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit.  Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora.  Additionally, a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.  Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

<u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 593-94 (citation omitted).  The result is that, if People's United has to litigate anywhere its debtors are located, consumers may suffer.  People's United may: (i) cut back its services to only certain area of the country, potentially hurting consumers in New Mexico, which has few sources of capital; or (ii) increase its interest rates to compensate for the costs of out-of-state or out-of-area litigation.

Notably, W. Doak had a much more extensive history of dealing with People's United, given that they engaged in various loan transactions over a period of years, than the passengers in <u>Carnival Cruise Lines, Inc. v. Shute</u>, who received form tickets by mail with no direct negotiation with the cruise line.  <u>See</u> <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 593 ("Petitioner then prepared the tickets and sent them to respondents in the State of Washington. The face of each ticket, at its left-hand lower corner, contained this admonition . . . .").  W. Doak was also obtaining the loans for his business rather than as part of some consumer transaction like the plaintiffs in <u>Carnival Cruise Lines, Inc. v. Shute</u>.  Furthermore, the parties do not dispute that People's United maintains most of its operations in Texas.  <u>See</u> Complaint ¶ 4, at 2 (referring to People's United as having its "home

or home office" in "Houston, TX").  Thus, by designating Harris County as the venue for lawsuits W. Doak intends to bring against it, People's United is not choosing some "remote alien forum" to harass the Plaintiffs and to discourage them from bringing suit.  <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 593-94.

### C.   THE FORUM-SELECTION CLAUSES ARE NOT UNENFORCEABLE ON THE BASIS OF INCONVENIENCE.

The Plaintiffs argue that Harris County is "so seriously an inconvenient forum that to require [them] to bring suit there would be unjust."  Response at 8.  Only a showing of inconvenience "so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice would be sufficient to defeat a contractual forum selection clause."  <u>Riley v. Kingsley Underwriting Agencies, Ltd.</u>, 969 F.2d at 958.  Even if minor inconvenience would result, that factor does not justify non-enforcement of the forum-selection clause.  <u>See</u> <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. at 596-97.  Whatever inconvenience the Plaintiffs would face, which W. Doak did not discuss in his affidavit, the Court does not believe it is so serious as to "foreclose a remedy" to the Plaintiffs.  <u>Riley v. Kingsley Underwriting Agencies, Ltd.</u>, 969 F.2d at 958.  The Court acknowledges that some minor inconveniences would likely result if the Plaintiffs, who appear to be more comfortable litigating here in New Mexico and at least some of whom reside in New Mexico, have to litigate in Harris County.  Nevertheless, the Court cannot reasonably conclude that requiring them to litigate there would foreclose their remedies.  Many judges -- including this Court -- allow parties to appear telephonically or through other means.  Many communications in the modern legal world happen electronically or telephonically.  Filing now takes place electronically in the federal court system through CM/ECF.  While some flights and potentially long drives would likely need to occur for the Plaintiffs to properly litigate in Harris County, as well as potentially the

hiring of local counsel, those minor burdens do not foreclose the Plaintiffs from pursuing a remedy. The Court is not requiring the Plaintiffs to litigate in a foreign country, but rather an adjoining state. Given the geographical proximity of New Mexico and Texas, if New Mexico courts did not enforce a forum-selection clause that requires litigation in Texas, it would seem that New Mexico would rarely enforce them.

Furthermore, the Supreme Court has recognized the legitimate business concerns a contracting party may have in limiting the potential forums in which they may be sued:

> Furthermore, the Court of Appeals did not place in proper context this Court's statement in The Bremen that "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause." The Court made this statement in evaluating a hypothetical "agreement between two Americans to resolve their essentially local disputes in a remote alien forum." In the present case, Florida is not a "remote alien forum," nor -- given the fact that Mrs. Shute's accident occurred off the coast of Mexico -- is this dispute an essentially local one inherently more suited to resolution in the State of Washington than in Florida. In light of these distinctions, and because respondents do not claim lack of notice of the forum clause, we conclude that they have not satisfied the "heavy burden of proof," required to set aside the clause on grounds of inconvenience.

Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 594 (citations omitted). The parties do not dispute that People's United maintains most of its operations in Texas. See Complaint ¶ 4, at 2 (referring to People's United as having its "home or home office" in "Houston, TX"). Thus, by designating Harris County as the venue for lawsuits W. Doak intends to bring against it, People's United is not choosing some "remote alien forum" to harass the Plaintiffs and discourage them from bringing suit. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 593-94. Thus, the Court does not believe that the forum-selection clauses create significant inconveniences to render them unenforceable.

## II.      THE FORUM-SELECTION CLAUSES ARE MANDATORY.

The parties dispute whether the forum-selection clauses, specifically those that apply to W.

Doak, are mandatory or permissive. In its Motion, People's United argues that the terms of V. Doak's Guaranty, which contains a forum-selection clause, also binds her. See Motion at 6-7 ("Vicky L. Doak (i) voluntarily signed the Guaranty, and (ii) never notified PUEFC of any discrepancies in the Loan Documents upon receipt of a confirming letter from PUEFC."). In their Response, the Plaintiffs do not argue that V. Doak has an ability to avoid this forum-selection clause other than that it is permissive as opposed to mandatory. See Response at 10-13. The Plaintiffs briefly mentioned at the hearing that, under their reading of the contracts at issue, they do not believe V. Doak is still bound under the Guaranty. See Tr. at 16:19-17:2 (Stevenson). An argument not raised in a response to a motion is generally waived given that the opposing party does not have an opportunity to respond to the argument. See Marlin Oil Corp. v. Lurie, 417 F.App'x 740, 744 n.10 (10th Cir. 2011)(unpublished)("However, because Lurie never raised this argument before the district court in its response to Marlin's motion for summary judgment, we consider it waived."). As the Tenth Circuit explained:

> We conclude that, by failing to raise the issue in his initial response to the respondent's motion to dismiss, Mr. Cole has waived the argument that the unavailability of his caseworker constituted cause for his failure to file a certiorari petition. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."

Cole v. New Mexico, 58 F.App'x 825, 829 (10th Cir. 2003)(unpublished)(citing Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988)). Here, however, the Court held a hearing, so People's United had an opportunity to respond. In any case, the Court does not usually decline to address arguments raised at a hearing for the very reasons that new issues surface while lawyers and the Court prepare for the hearing and which the Court raises when questioning the attorneys at the hearing.

-33-

While the Court need not decide this issue, and perhaps should not, given that it potentially bears on the merits of the case as they apply to some individuals, because the parties have not briefed this issue, and because the Court is transferring this case to another judge, it appears -- on the limited record before the Court -- that V. Doak's Guaranty would apply to these five sets of security agreements. The Guaranty states that V. Doak agrees to guarantee "any and all existing and future indebtedness and/or obligations" that W. Doak has with People's United. Guaranty at 2-3 (emphasis added). Thus, for purposes of deciding the Motion, the Court considers -- based on the lack of any evidence in the record to the contrary -- V. Doak bound under the forum-selection clause in the Guaranty.

The five security agreements at issue in this lawsuit all contain substantially the same forum-selection clause, which provide:

> DEBTOR, AS A MATERIAL INDUCEMENT FOR SECURED PARTY TO MAKE LOANS OR OTHER FINANCIAL ACCOMMODATIONS AVAILABLE TO DEBTOR, HEREBY: IRREVOCABLY DESIGNATES AND APPOINTS THE TEXAS SECRETARY OF STATE AS ATTORNEY-IN-FACT AND AGENT FOR DEBTOR AND IN DEBTOR'S NAME, PLACE AND STEAD TO ACCEPT SERVICE OF ANY PROCESS WITHIN THE STATE OF TEXAS; AGREES TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS REGARDING ANY DISPUTE WITH HOLDER OR ANY OF HOLDER'S OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS, INCLUDING WITHOUT LIMITATION ANY MATTER RELATING TO OR ARISING UNDER THIS OR ANY OTHER EXISTING OR FUTURE AGREEMENT WITH HOLDER, PROVIDED THAT HOLDER MAY BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION; WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING; AND CONSENTS AND AGREES THAT SERVICE OF PROCESS IN ANY ACTION OR PROCEEDING BROUGHT IN ACCORDANCE HEREWITH SHALL BE GOOD AND SUFFICIENT IF SENT BY CERTIFIED MAIL . . . .

Security Agreement at 3. V. Doak's Guaranty contains a similar forum-selection clause, which provides:

-34-

AS A MATERIAL PART OF THE CONSIDERATION FOR BENEFICIARY ENTERING INTO, PURCHASING AND/OR ACCEPTING AN ASSIGNMENT OF ONE OR MORE OBLIGATIONS FROM SUBJECT OR HAVING SUBJECT AS AN OBLIGOR THEREON, GUARANTOR HEREBY IRREVOCABLY DESIGNATES AND APPOINTS THE TEXAS SECRETARY OF STATE AS ATTORNEY-IN-FACT AND AGENT FOR GUARANTOR, AND IN GUARANTOR'S NAME, PLACE AND STEAD TO ACCEPT SERVICE OF ANY PROCESS WITHIN THE STATE OF TEXAS; AND GUARANTOR DOES HEREBY AGREE TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER, PROVIDED THAT BENEFICIARY MAY BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION. GUARANTOR WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING; AND CONSENTS AND AGREES THAT SERVICE OF PROCESS IN ANY ACTION OR PROCEEDING BROUGHT IN ACCORDANCE HEREWITH SHALL BE GOOD AND SUFFICIENT IF SENT BY CERTIFIED MAIL . . . .

Guaranty at 2.

"The difference between a mandatory and permissive forum selection clause is that '[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum.'" Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d at 926. "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d at 926-27 (citation omitted). The Tenth Circuit has held that, when venue is specified in a forum-selection clause, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum-selection clause will be enforced as mandatory. See K & V Scientific Co. v. BMW, 314 F.3d at 499. For instance, the Tenth Circuit has stated that a forum-selection clause stating that "venue shall be proper under this agreement in Johnson County, Kansas" was mandatory. K & V Scientific Co., Inc. v. BMW, 314 F.3d at 498.

The operative forum-selection clause in each of the agreements, the ones W. Doak entered and the one V. Doak entered, are largely identical.  W. Doak's security agreements provide that he

> AGREES TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS REGARDING ANY DISPUTE WITH HOLDER OR ANY OF HOLDER'S OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS, INCLUDING WITHOUT LIMITATION ANY MATTER RELATING TO OR ARISING UNDER THIS OR ANY OTHER EXISTING OR FUTURE AGREEMENT WITH HOLDER, PROVIDED THAT HOLDER MAY BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION; WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING . . . .

Security Agreement at 3.  V. Doak's Guaranty provides:

> GUARANTOR DOES HEREBY AGREE TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER, PROVIDED THAT BENEFICIARY MAY BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION.  GUARANTOR WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING . . . .

Guaranty at 2.

Each clause refers to any court in Harris County as the exclusive jurisdiction and venue for actions W. Doak or V. Doak file.  Each clause states that W. Doak and V. Doak waive their right to contest or seek a transfer of venue.  The Tenth Circuit has stated that, when "venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive."  K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499 (alterations in original)(quoting Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d at 757).  The word exclusive in relation to Harris County as a venue indicates the parties' intent that Harris County be the exclusive

venue for any suits that W. Doak or V. Doak file.  See King v. PA Consulting Group, Inc., 78

F.App'x at 648 n.2 ("Use of mandatory language like 'shall' in a clause dealing directly with venue

carries stronger implications regarding the intent to designate an exclusive forum." (emphasis in

original)); K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499.

The Plaintiffs argue that, because the forum-selection clauses are permissive for People's

United in that it may file suit in any venue it chooses, the forum-selection clauses are ambiguous.

The Court does not find this argument persuasive, given that there are no ambiguities in the portion

of the forum-selection clauses that apply to W. Doak and V. Doak.  The provision at issue contains

the following qualification: " PROVIDED THAT HOLDER MAY BRING SUIT IN ANY OTHER

COURT HAVING JURISDICTION . . . ."  Security Agreement at 3.  The Guaranty contains an

almost identical provision: "PROVIDED THAT BENEFICIARY MAY BRING SUIT IN ANY

OTHER COURT HAVING JURISDICTION."  Guaranty at 2.  The United States Court of Appeals

for the Seventh Circuit has addressed a similar clause where the first portion of the clause was

mandatory regarding venue for one of the parties while the second portion of the clause permitted

one of the parties to the agreement to file suits in other venues:

> In all disputes arising out of the contractual relationship, the action shall be filed in
> the court which has jurisdiction for the principal place of business of the supplier, or
> its branch office which is carrying out the delivery, if the purchaser is a qualified
> businessman, a legal entity created by law, or a fund created by public law.  The
> supplier also has the right to commence an action against the purchaser at the
> purchaser's principal place of business.

Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d at 755 (emphasis added).  The Seventh

Circuit concluded that the second sentence in the forum-selection clause supported a conclusion that

the clause was mandatory as to the purchaser, because "of the additional sentence" granting to the

supplier the right to commence an action in additional venues.  Paper Express, Ltd. v. Pfankuch

-37-

Maschinen GmbH, 972 F.2d at 755.  Specifically, it held that the language in the second sentence "supports a finding that the clause confers exclusive jurisdiction because the sentence in question would be appropriate and meaningful only if the clause were in fact mandatory," and because, "if the clause were permissive, the additional sentence would be redundant." Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d at 755.  Thus, it concluded that "[t]he specific reservation of the supplier's right to file suit at the purchaser's place of business demonstrates that the clause was in all other respects mandatory and exclusive." Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d at 755 (emphasis in original).  Notably, the Tenth Circuit, while conducting a survey of forum-selection clauses across jurisdictions, also found the clause in Paper Express, Ltd. v. Pfankuch Maschinen GmbH to be mandatory.  See K & V Scientific Co., Inc. v. BMW, 314 F.3d at 499-500.

There is also nothing inherently unconscionable about a one-way forum-selection clause, that makes a consumer to a transaction file in the home district of the company/supplier but gives the company/supplier discretion regarding where to file suit.  It is unclear how giving the company/supplier the discretion to file in the consumer's home state is unfair to the consumer. There is no reason for the law to demand equality or symmetry merely for the sake of equality or symmetry.  A lender such as People's United may have concerns, as it has argued, about obtaining personal jurisdiction if it were forced to litigate in one venue when a debtor who had ceased to pay on a loan was moving collateral out of the state to avoid losing that collateral.  A one-way forum-selection clause could also reduce costs to the company/supplier of purchasing and supplying goods. Furthermore, there is no indication here that People's United is attempting to abuse the forum-selection clause in this case, because it is not the one who filed a lawsuit.

The Plaintiffs' argument that the phrase "provided that" makes the forum-selection clause

ambiguous is not persuasive.  They rely on a Tenth Circuit case, which acknowledges that the words provided that can potentially create a condition precedent in a contract.  See MidAmerica Constr. Mgmt, Inc. v. MasTec N. Am., Inc., 436 F.3d 1257, 1262-63 (10th Cir. 2006)("While no particular words are necessary for the existence of a condition, such terms as 'if,' 'provide that,' 'on condition that,' or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise.").  It is worth noting that the Tenth Circuit case dealt with the interpretation of a subcontracting agreement rather than a forum-selection clause.  See MidAmerica Constr. Mgmt, Inc. v. MasTec N. Am., Inc., 436 F.3d at 1259.  "A condition precedent is an event which occurs after the formation of a valid contract and must occur before there can be a breach of contractual duty . . . ."  Potter v. Patterson UTI Drilling Co., 148 N.M. 270, 274, 234 P.3d 104, 108 (Ct. App. 2010).  See also Cyprus Amax Minerals Co. v. Duran Sand & Gravel, Inc., No. 03-1473, 2006 WL 4079084, at *6 (D.N.M. May 31, 2006)(Browning, J.)("A contracting party, however, may repudiate performance under a contract if a condition precedent to that performance cannot be met.").  "Whether conditions precedent are considered prerequisites to formation of a contract or prerequisites to an obligation to perform under an existing agreement is controlled by the intent of the parties."  Wood v. Cunningham, 140 N.M. 699, 702, 147 P.3d 1132, 1135 (Ct. App. 2006)(emphasis omitted).  W. Doak's security agreements provide that he

> AGREES TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS REGARDING ANY DISPUTE WITH HOLDER OR ANY OF HOLDER'S OFFICERS, DIRECTORS, EMPLOYEES OR AGENTS, INCLUDING WITHOUT LIMITATION ANY MATTER RELATING TO OR ARISING UNDER THIS OR ANY OTHER EXISTING OR FUTURE AGREEMENT WITH HOLDER, PROVIDED THAT HOLDER MAY BRING SUIT IN ANY OTHER COURT HAVING JURISDICTION; WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING; WAIVES THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING . . . .

Security Agreement at 3.

The Plaintiffs' argument is an interesting one, because compliance with a mandatory forum-selection clause itself is a "condition precedent to suit under the contract." Marra v. Papandreou, 216 F.3d 1119, 1125 (D.C. Cir. 2000)("Adherence to the forum-selection clause is not an obligation owed by Marra to the Greek government, but a condition precedent to suit under the contract, binding equally on both parties."). "The primary objective in construing a contract is not to label it with specific definitions or to look at form above substance, but to ascertain and enforce the intent of the parties as shown by the contents of the instrument." Bogle Farms, Inc. v. Baca, 122 N.M. at 428, 925 P.2d at 1190. Courts should not adopt "a strained interpretation of" a contract. Nearburg v. Yates Petroleum Corp., 123 N.M. 526, 532, 943 P.2d 560, 566 (Ct. App. 1997)("We find this position to be a strained interpretation of the operating agreement."). Given the language stating that the exclusive venue for any suit W. Doak or V. Doak may bring is Harris County, reading the contract in the manner the Plaintiffs contend -- where People's United would have to file suit in some location before W. Doak or V. Doak could bring suit -- would result in a construction where the Plaintiffs could not file suit until People's United has filed suit. See Response at 12 ("The last sentence in the Forum Selection Clauses' [sic] can be interpreted as conditioning Defendant to file in any other jurisdiction as a condition precedent to Plaintiffs' obligation to file in Harris County -- an absurd result."). Such a construction would potentially result in forfeiture of the Plaintiffs' ability to bring an action under the contract, and is in many ways a less favorable interpretation to the Plaintiffs than interpreting the forum-selection clauses as not having a condition precedent. See 8 C. Cauliff, Corbin on Contracts § 30.14, at 29-30 (Revised ed. 1999)("If the non-occurrence of a condition causes a forfeiture, the law will try to reduce the risk of forfeiture within the limits allowed by the competing policy of freedom of contract."). The Court's job, when interpreting a

-40-

contract, is not to look at "form above substance, but to ascertain and enforce the intent of the parties as shown by the contents of the instrument," Bogle Farms, Inc. v. Baca, 122 N.M. at 428, 925 P.2d at 1190, rather than to adopt "a strained interpretation of" a contract, see Nearburg v. Yates Petroleum Corp., 123 N.M. at 532, 943 P.2d at 566.  Likewise, as the Plaintiffs have themselves argued, reading this contract in this manner would be a rather "absurd interpretation." Rummel v. Lexington Ins. Co., 123 N.M. 752, 760, 945 P.2d 970, 978 (1997)("The rules of contract construction prohibit such an absurd interpretation."); Response at 12 (stating how this reading would be "an absurd result").

Ultimately, the Court believes that interpreting the contract as a whole leads to the conclusion that the parties intended the forum-selection clauses to be exclusive as they apply to the Plaintiffs and that the forum-selection clauses are not ambiguous. See Crow v. Capitol Bankers Life Ins. Co., 119 N.M. 452, 457, 891 P.2d 1206, 1211 (1995)("Another basic principle of contract construction is that '[a] writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together.'" (alteration in original)).  The forum-selection clauses refer to venue as exclusive in Harris County for W. Doak and V. Doak, but contain a less restrictive provision for People's United.   Much like the situation in Paper Express, Ltd. v. Pfankuch Maschinen GmbH, the provision that grants People's United broader rights "supports a finding that the clause confers exclusive jurisdiction [regarding suits that W. Doak and V. Doak may bring] because the sentence in question would be appropriate and meaningful only if the clause were in fact mandatory," and because, "if the clause were permissive, the additional sentence would be redundant."  972 F.2d at 755.  Furthermore, in the next section of the forum-selection clauses, W. Doak and V. Doak "WAIVE[] ANY OBJECTION BASED ON FORUM NON CONVENIENS AND ANY OBJECTION TO VENUE OF ANY SUCH ACTION OR PROCEEDING," and also

"WAIVE[] THE RIGHT TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING." Security Agreement at 3. W. Doak and V. Doak also consent to service of process in Texas through the Texas Secretary of State. See Security Agreement at 3; Guaranty at 2. Reading the forum-selection clauses in their entirety, the Court concludes that they are mandatory as to W. Doak and V. Doak. The Court believes it would be placing "form above substance" to arrive at any other conclusion. Bogle Farms, Inc. v. Baca, 122 N.M. at 428, 925 P.2d at 1190.

## III.   THE FORUM-SELECTION CLAUSES ALSO COVER TORT CLAIMS.

The Court notes that the Plaintiffs have not raised as an argument in response to the Motion that the forum-selection clauses would not cover their tort claims, but only their contract claims. People's United raised this issue preemptively in its Motion. See Motion at 9 ("Suing on tort theories rather than for breach of contract will not defeat the applicability of a forum selection clause."). Additionally, the Plaintiffs stated at the hearing that, if the Court concludes that the forum-selection clauses are mandatory, they prefer to litigate all the claims in one forum. See Tr. at 19:3-8 (Stevenson).

Magistrate Judge Martinez has stated: "Even though the Tenth Circuit has not addressed this issue, the United States Supreme Court has applied a forum selection provision in a case involving tort claims." Mann v. Auto Protection Grp., 777 F.Supp.2d at 1243 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 588). The Court followed the same approach in Knight Oil Tools, Inc. v. Unit Petroleum Co., looking also at whether "the forum-choice provision involved . . . is broad enough to include tort actions." 2005 WL 2313715, at *13 ("That the tort and breach of contract claim involve the same operative facts also counsels that the forum-selection clause apply to the tort claim."). In a case where there was a contract between a passenger and a cruise line where the passenger asserted tort causes of action against the cruise line, the Supreme Court enforced a forum-

selection clause against the passenger.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 588-90

("We granted certiorari to address the question whether the Court of Appeals was correct in holding

that the District Court should hear respondents' tort claim . . . .  Because we find the forum-selection

clause to be dispositive of this question, we need not consider petitioner's constitutional argument

as to personal jurisdiction.").  "In addition, other Courts of Appeal have held that where tort claims

'ultimately depend on the existence of a contractual relationship' between the parties, such claims

are covered by a contractually-based forum selection clause, despite the 'pleading of alternative

non-contractual theories of liability.'"     Mann v. Auto Protection Grp., 777 F.Supp.2d at 1243

(quoting Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d at 203)(citing Lambert v.

Kysar, 983 F.2d at 1121-22).  Thus, under appropriate circumstances, there is no sound basis to

distinguish between contract and tort claims when applying a forum-selection clause.  Courts have

generally not drawn rigid distinctions between the two when enforcing forum-selection clauses.

Courts have also recognized the economic benefits of increased predictability regarding where a

lawsuit will be tried in the context of tort claims that arise during the existence of a contractual

relationship.  See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. at 594 ("Because a cruise ship

typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could

subject the cruise line to litigation in several different fora.").  Such a rule also promotes the

principles of allowing parties freedom to contract.  See Knight Oil Tools, Inc. v. Unit Petroleum Co.,

2005 WL 2313715, at *13 ("If the parties only wanted certain 'claims' brought in Oklahoma, they

could have used such distinguishing language.").

        The Court concludes that these forum-selection clauses cover the tort claims the Plaintiffs

have asserted.  Each of the forum-selection clauses is broad enough to cover tort claims.  See

Security Agreement at 3 (stating that W. Doak "AGREES TO THE EXCLUSIVE JURISDICTION

AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS, <u>REGARDING ANY</u> <u>DISPUTE WITH HOLDER</u>" (underlining added)); Guaranty at 2 ("GUARANTOR DOES HEREBY AGREE TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY COURT LOCATED IN HARRIS COUNTY, TEXAS REGARDING <u>ANY MATTER ARISING</u> <u>HEREUNDER</u> . . . ." (underlining added)).  Moreover, the Plaintiffs have not disputed that all the claims they have asserted "ultimately depend on the existence of a contractual relationship" between themselves and People's United.  <u>Mann v. Auto Protection Grp.</u>, 777 F.Supp.2d at 1243 (quoting <u>Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.</u>, 709 F.2d at 203).  For instance, in their fraud claim, they argue that People's United "misrepresented the terms of the Promissory Note Consolidation Agreement to Doak."  Complaint ¶ 22, at 8.  Likewise, their claim for breach of the duty of good faith and fair dealing relies on People's United's "duty to perform under the Promissory Notes and Extension Agreements in good faith."  Complaint ¶ 24, at 9.  Their prima-facie-tort claim relies on People's United "induc[ing] Doak to execute the Promissory Note Consolidation Agreements."  Complaint ¶ 28, at 10.  The negligent-misrepresentation claim and the breach-of-fiduciary-duty claim rely on the same basic contractual relationship.  <u>See</u> Complaint ¶¶ 29-32, at 10-11.  Thus, the forum-selection clauses apply to all the claims the Plaintiffs have asserted.  While the Court's holding that, given that the Plaintiffs have not raised this issue, the clauses cover tort claims does not depend on the finding that all the claims rely on some contractual relationship, that fact is significant in resolving the issues before the Court.

## IV.   **THE COURT WILL TRANSFER THE CASE TO HARRIS COUNTY RATHER THAN DISMISS THE PLAINTIFFS' CLAIMS.**

Accordingly, venue for a suit brought on behalf of W. Doak and V. Doak is improper in New Mexico, and the Court must decide whether it should dismiss or, in the interest of justice, transfer

the case to the appropriate forum.  <u>See</u> 28 U.S.C. § 1406(a).[6]  28 U.S.C. § 1406(a) provides: "The

district court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

could have been brought."  28 U.S.C. § 1406.  "The interest of justice is an amorphous standard, left

largely undefined by the courts."  <u>Knight Oil Tools, Inc. v. Unit Petroleum Co.</u>, 2005 WL 2313715,

at *13.  The Court has previously stated, when deciding whether the interests of justice were met

to justify transfer under § 1406(a):

> Nevertheless, courts often look at various criteria in decided to dismiss a complaint
> for improper venue: (i) whether or not the statute of limitations will bar the plaintiff
> from re-filing his complaint in another forum; (ii) whether the plaintiff filed his
> complain[t] in the forum to harass the defendant; and (iii) whether the plaintiff was
> forum shopping.

<u>Knight Oil Tools, Inc. v. Unit Petroleum Co.</u>, 2005 WL 2313715, at *13 (citations omitted).  "[I]n

most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a

proper forum rather than to dismiss. . . .  The usual procedure should be to transfer rather than

dismissal."  <u>Knight Oil Tools, Inc. v. Unit Petroleum Co.</u>, 2005 WL 2313715, at *13 (citing Wright,

C., Miller, A., & Cooper, E., 15 <u>Federal Practice & Procedure</u> § 3827 (2005)).

      The Court believes that all the applicable factors weigh in favor of transfer.  First, there are

---

[6]The Court concludes that, because venue is improper in New Mexico regarding the claims asserted on behalf of W. Doak and V. Doak, § 1406(a) rather than § 1404 applies.  <u>See</u> <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d at 1515 n.3.  As the Tenth Circuit has stated:

> Section 1404(a) transfers [are] distinguished from transfers carried out under 28
> U.S.C. § 1406(a).  In the case of § 1404(a), both the transferor and the transferee
> court have venue over the action, but it is more efficient to prosecute the action in
> the latter court.  Conversely, in the case of § 1406(a), the transferor court lacks venue
> and must transfer the action in order for it to proceed.

<u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d at 1515 n.3.

potential statute-of-limitations problems for the Plaintiffs if the Court were to dismiss their case. Much of the complained of conduct in this case occurred in 2008, specifically February, 2008, when W. Doak allegedly signed the five sets of promissory notes and agreements as a result of the allegedly fraudulent conduct in which People's United engaged.  See Complaint ¶¶ 14-15, at 5-6. The Plaintiffs' fraud cause of action has a four-year statute of limitations in New Mexico.  See Wilde v. Westland Dev. Co., Inc., 148 N.M. 627, 634, 241 P.3d 628, 635 (Ct. App. 2010)("The statute of limitations for causes of action sounding in fraud or conversion is four years from the date that the cause of action accrues." (citing N.M.S.A. 1978, § 37-1-4).  There is also a four-year statute of limitations in New Mexico on the negligent-misrepresentation claim the Plaintiffs have brought. See Nance v. L.J. Dolloff Assocs., Inc., 138 N.M. 851, 855, 126 P.3d 1215 (Ct. App. 2005)(applying a four-year statute of limitations to a negligent-misrepresentation claim).  More than four years have passed since February 2008, as it is now May 2012.  While there may be some tolling while the New Mexico case is pending, see King v. Lujan, 98 N.M. 179, 646 P.2d 1243 (1982)(stating that "the filing of a suit ordinarily tolls the applicable limitations period"), there is no sound reason to force the Plaintiffs to deal with that issue by dismissing the case in New Mexico.

Second, there is no indication that the Plaintiffs filed their Complaint in this forum to harass People's United.  The parties do not dispute that some relevant conduct occurred here in New Mexico.  Additionally, the Plaintiffs were not raising frivolous arguments that the forum-selection clauses at issue were unenforceable such that the Court believes the suit was harassing.  Moreover, People's United could have waived its rights under the forum-selection clause and litigated the case here.  Third, the Plaintiffs were not forum shopping.  There is no dispute that W. Doak and V. Doak both reside here in New Mexico, or that W. Doak ran his business here in New Mexico.  If the Plaintiffs had filed their lawsuit in some forum wholly unconnected to the lawsuit, such as North

-46-

Dakota or Florida, there would be a stronger basis for finding forum shopping.  Given that they filed the suit here in New Mexico, whose law applies to this dispute, the Court does not believe that they were forum shopping.

Furthermore, the Plaintiffs conceded at the May 13, 2012 hearing that, if the forum-selection clauses are mandatory, they would bind Montoya, the trustee of the bankruptcy estate, in the same manner that they would have bound W. Doak and V. Doak.  See Tr. at 18:7-21 (Court, Stevenson).  The Plaintiffs also stated that, while they prefer to be in New Mexico, if the Court decides to enforce the forum-selection clauses, they would prefer that the Court also transfer the claims Doak Transportation has brought against People's United from the standpoint of convenience to the parties and judicial economy.  See Tr. at 19:3-8 (Stevenson).

People's United has argued that Doak Transportation is bound by the forum-selection clauses, because W. Doak is the sole owner of the business.  The Court has, however, no evidence before it detailing the relationship between W. Doak and Doak Transportation to assess whether Doak Transportation would also be bound by the forum-selection clauses, which creates a problem for People's United, given that Doak Transportation never had a representative sign the respective agreements.  See Thompson v. THI of N.M. at Casa Arena, No. 05-1331, 2008 WL 5999653, at *14 (Dec. 24, 2008)(Browning, J.)(recognizing that "[a] non-signatory to an arbitration agreement generally cannot be forced to arbitrate claims" subject to certain exceptions, such as when a "non-signatory has a principal/agent relationship or is the alter-ego of the signatory").  Nevertheless, given that the Plaintiffs have conceded that it would be more convenient to transfer the claims Doak Transportation has asserted along with the rest of the claims in the case, the Court believes it is proper to transfer all claims in the case rather than only some of the claims that the Plaintiffs have asserted.  Courts are entitled to rely upon counsel's concessions.  See United States v. Ventura-

Perez, 666 F.3d 670, 676 (10th Cir. 2012)("Courts could not function properly if concessions by counsel cannot be relied upon."); Texaco, Inc. v. Hale, 81 F.3d 934, 938 (10th Cir. 1996)("Even had the scope of the remand allowed the district court to consider this issue, it was entitled to rely upon Appellants' concession, and they are now without a basis for objection.").  28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a) (emphasis added).  As Professor James Moore has discussed, it is proper for a court to transfer part of a case under § 1406(a) and then sever the remaining claims to which venue is proper to transfer those claims under § 1404(a):

> However, if all the claims are factually related, the interests of efficiency and judicial economy may require transferring the entire action to a district in which venue will be proper as to all the defendants so that all the claims can be tried together in a single lawsuit.  In this situation, assuming the other requirements for transfer are met, the court would rely on Section 1404(a), the convenience transfer statute to transfer the claims against the defendants as to whom venue was proper and Section 1406(a) to transfer the claims against the other defendants.

17 J. Moore, Moore's Federal Practice § 111.35[2], at 111-170 (3d ed. 2012)(citations omitted).

Accord Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994)("In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court has a choice.  One option is to transfer the entire case to another district that is proper for both defendants.").  Thus, given that the same counsel represents all the Plaintiffs and that the Plaintiffs have informed the Court that transfer of Doak Transportation's claims to Harris County would be preferable to them if the Court enforces the forum-selection clauses against W. Doak, V. Doak, and Montoya, the Court will follow the procedure of transferring the case in part under § 1406(a) and the remainder of the case under § 1404(a).  Consequently, the Court will transfer this

case to the Southern District of Texas, specifically the Houston Division -- the division that includes Harris County.

**IT IS ORDERED** that the Defendant's Motion to Dismiss, In Lieu of Filing an Answer in this Matter for Improper Venue and for Failure to State a Claim or, in the Alternative, to Transfer Venue, filed April 4, 2012 (Doc. 9), is granted.  The Court will transfer this case to the United States District Court for the Southern District of Texas, specifically the Houston Division -- the division that includes Harris County, Texas.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Casey S. Stevenson
Scott Hulse, P.C.
El Paso, Texas

    *Attorneys for the Plaintiffs*

Rodney L. Schlagel
Neysa E. Lujan
Butt, Thornton & Baehr
Albuquerque, New Mexico

    *Attorneys for the Defendant*